IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02561-BNB

VERRELL CARROLL,[1]

    Plaintiff,

v.

HARLEY G. LAPPIN, Director of BOP,
SARA M. REVELL, Warden,
S. NAFZIGER, M.D., FCC Clinical Director,
PAUL SCOFIELD, Food Administrator,
G. SMITH, Safety Supervisor,
MS. V. MICKS, Assistant Food Administrator, and
MR. BAUCHER, Cook/Staff Supervisor,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 29 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

Plaintiff Verrell Carroll, a federal prisoner, who currently is incarcerated at a United States Bureau of Prisons' facility in Waymart, Pennsylvania, filed a *pro se* "Motion for Reconsideration of Judgement [sic] and Order," on May 18, 2009. The Court must construe the Motion liberally because Mr. Carroll is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

---

[1] In all filings prior to Plaintiff's Motion for Reconsideration, Plaintiff listed his name in the caption of the filings as "Carroll Verrell," rather than Verrell Carroll. Plaintiff also listed his BOP Register # as 33148-048, rather than Register # 31488-048.

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion for reconsideration filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***See id.*** at 1243. Mr. Carroll's Motion, which was filed more than ten days after the Judgment was entered, will be construed as a Motion for Reconsideration filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. ***See Massengale v. Oklahoma Bd. of Examiners in Optometry***, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed this action without prejudice after Mr. Carroll failed within the time allowed either to pay the $55.00 initial partial filing fee or to submit a current certified copy of his trust fund account statement showing cause why he has no asserts and no means by which to pay the designated fee. Mr. Carroll states in the Motion for Reconsideration that had he known about the December 31, 2008, Order directing him to pay an initial partial filing fee he would have complied within the time allowed. Nonetheless, as stated above, Mr. Carroll provided incorrect information to the Court regarding his name and his BOP Register #, causing all correspondence sent to him to be returned to the Court. Furthermore, Mr. Carroll waited over four months to inquire about the status of his case.

Therefore, the Court finds that Mr. Carroll fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Mr. Carroll is reminded that the Complaint and action were dismissed without prejudice. If Mr. Carroll desires to proceed with his claims he may file a new action. Accordingly, it is

2

ORDERED that the Motion (Doc. # 14), filed May 18, 2008, is construed as filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this 28 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02561-BNB

Carroll Verrell
Reg No. 31448-048
US Penitentiary Canaan
P.O. Box 300
Waymart, PA 18472

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/29/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk